Good morning, your honors. My name is Hassan Gorganpour, and I represent Mr. Onyesoh, the appellant. I'd like to reserve two minutes for rebuttal. Okay. I think the fundamental problem in the case is that the district court failed to hold the government to the burden of proving that the 500 items on that spreadsheet were access devices within the meaning of 18 U.S.C. 1029. I think if you read the two statutes that we're discussing together, they put two questions to the district court. First question would be, for each particular item that the government is claiming is an access device, does it fall within the meaning of an access device in subdivision E1? And to do that, cases have fairly uniformly held that there needs to be evidence that the device can actually access an account or provide access to benefits of membership in an account. Or that it has some value. Correct. You're specifying particularly types of value. I don't think, if we agree with your argument, it requires anything more than it has some value. Yeah, exactly. Because you can use it to retrieve something of value. Yeah, right. Now, why would Congress frame it the way it has? As I look at E1, it says that an access device means any account number, which this is. And if it were a credit card, I mean, in other words, if these credit card numbers had been actually on the physical embodiment of a credit card, there's no doubt that a credit card is the kind of or the credit card number is the kind of device that is used to get money. I mean, that's the whole purpose of a credit card, correct? Or to get things of value. In general, yes. Well, in general, what do you mean in general? Well, I don't think so. Just as a generic. A credit card is the kind of device that Congress clearly had in mind, one of them, as used in E1. The way I believe the statute is properly read is not stating that anything is per se an access device. It becomes an access device when there's evidence that it can be used. Well, it says it's any card, plate, or so on and so forth that can be used alone in conjunction with another access device to obtain money. Correct. Okay, so as a generic, that's what a credit card is. As a generic, okay? So if we're just looking at a credit card or a credit card account number, and we're just trying to decide does it fit within the universe of what an access device is, a credit card number would plainly fit as a generic. It can be used, okay? Now, you're saying you have to prove that what the actual numbers in this case, could these actual numbers be used, correct? That's what you want to place into it. Correct. Okay, so bear with me. I understand your argument, but I'm looking at the statute. I go down to three, and an unauthorized access device means any access device of which a credit card account number, we've now agreed, hypothetically, you know, arguendo, is an access device that is expired. Now, since Congress has decided that an expired credit card account number is an unauthorized access device, why is the statute itself not presuming that there is usability? There's a way to read these together that I think gives more complete meaning to both E1 and E3. I think what the statute envisions is that there are some expired numbers that can be used and some that cannot be used. The ones that cannot, the ones that can be used, Congress chose to punish. The ones that cannot be used, Congress chose not to punish. And I think that's true for the statute as a whole. It says plate. It says card. Even if a card is lost or stolen, you need to know what type of card, what it can be used for. A lost business card or a stolen business card isn't going to qualify. You look to the use. And it's true that these were credit card numbers, but I don't think that necessarily ends the question, because I don't believe the statute asks what type of account could potentially be accessed. I think what it asks is, can this particular item be used to access an account at all? Well, it's not framed quite in those terms. It says an account number. This is an account number, correct? Correct. This is an account number. I believe the end of the statute, the remainder of that sentence says it can be used to access an account. And it can. That's what I'm saying. Certainly one reading would be that, in a generic sense, a credit card account number is the very kind of account number that they had in mind. And then they go on and specify unauthorized as something that's lost, stolen, expired, revoked, canceled, and so on. So Congress is saying in this statute that even if it's expired or canceled or revoked, the implication is they've decided that if it fits within access device and it's clearly within that category, there are certain categories of status of those account devices that are presumed to be usable. I guess the contention I have with that is with essentially, I guess, the premise of it, that a credit card number would automatically qualify under E-1 as an access device. I don't think in any particular case, I don't think the Court just asks whether this is a credit card number or not. It could be a fictional credit card number. It could be a credit card number for a bank that no longer exists. Let me ask you this. Under your reading, as I heard you responding to Judge Fisher, you were saying, well, an expired credit card is nonetheless an unauthorized access device within the meaning of the subsection if it can be used to access an account. Well, I think that's right. But this is the point at which I was picking up earlier. Access device is not so narrowly defined. Access device, I'm now up at E-1, says can be used to obtain any other thing of value. So the government, in its brief, says very briefly, and in its argument at sentencing to the district judge in a very quick little paragraph at the end of its statement, it says, well, an expired credit card, even though it might not be usable to get money from the bank directly, is usable to establish credit and da-da-da-da-da. In your view, if the expired credit card number can be used, I'm using the language from E-1, can be used to establish credit or can be used for some other purpose that produces value, is that sufficient to satisfy the definition of unauthorized access device? I believe that it would. I don't believe that that evidence was actually put into the record. That's the next question. How much of a showing, in your view, does the government have to make that these can be used in exchange for something of value? I mean, do we just use our common sense? I mean, an expired credit card, I don't think the government has to give me any proof that it can be used to obtain money. I mean, my common sense says that it can be used to obtain money. Does the government have to prove something beyond what my common sense might tell me as to what an expired credit card might be usable for? I believe that the showing that's required in the trial court would depend somewhat on what the defendant has decided to challenge. So, for example, in this case, it didn't challenge that they were credit card numbers. If he had asked for proof that they were credit card numbers, it's just really, truly just numbers on a spreadsheet. But as I understand, what we have here is not only credit card numbers, but we have identifying information for the people whose cards these numbers belong to or belonged to. Correct. So it's not just numbers. We've got people associated with the numbers. Understood. But I believe the government's burden, again, is to prove to a preponderance standard that these numbers can actually be used to access an account. No, no, wait a minute. Again, you said to access an account. No, exchange for something of value. I apologize. I mean, you're trying to narrow this way down. I don't think the statute bears that. Even a sympathetic reading of your argument, I don't think the statute bears that reading. Right. I think I was using that as essentially shorthand. But shorthand keeps being used, and it's very much in your favor, and I don't read the statute so narrowly. Okay. Fair enough, Your Honor. I have very little time. I believe the question's for you. First, do you have a case that says that the government has to prove usability? And the second question is, if there is some legal authority or not, how far does that go? Do you require it with every type of access device that's defined or just certain ones? When does it apply? Well, there are cases that say that the touchstone of the access device statute, but basically what needs to be proved, is usability. There are cases cited in our briefs. There was a ñ I think the Nguyen case talked about embossing equipment for a credit card, and that did qualify because ñ specifically, the court said it qualified because there was evidence that it could be used, and the defendant was actively trying to use it at the time. With ñ in response to the second question, I would say that everything that the government seeks to have qualified under the statute to increase the defendant's sentence, the government should be required to put on, to meet that preponderance standard to show that it does actually qualify. The extent of that evidence, I think, would ñ it's a preponderance standard. I think you can potentially do it through extra testimony. I'm not ñ I'm not really prepared to discuss exactly how they would go about doing it. I don't think the burden would be overwhelming to do it. But in the end, I believe the evidence does need to be there. Okay. Why don't we hear from the government? You're over time, but we'll give you a minute to respond. Thank you very much. Good morning, Your Honor. Amanda Bettinelli on behalf of the United States, and may it please the Court. To adopt the argument that reads into the statute a workability requirement would actually frustrate the purpose of Congress. What is a workability requirement? A workability. Workability, which is essentially to use the credit card numbers. And I'm borrowing from the E-1 language, which is an access device is an account number. So starting with that basic premise, to read into that a workability requirement ñ Now, why do you say ñ why do you call it workability? Because that's not the words of the statute. That is not the words of the statute. Your Honor, it's actually from the Yellow case, which is something that was cited in defense. I'm reading the statute. Okay. The statute does require, Your Honor, just to obtain items of value. And as argued in ñ It can be used to obtain items of something of value. Something of value, correct. And it can be used in isolation or in conjunction with others. And that, I think, is what defense counsel was alluding to with respect to the Nguyen case and the embossing equipment. Let me ask you this in sort of as clean a way as I can. Would you argue that an expired credit card number is an unauthorized access device if, in fact, it has no utility whatsoever? By the definition of E3, yes, Your Honor, because I think you would have to read both portions of E1 and E3 in conversation with one another in terms of the definition of access device. So for E3, you're simply reading out of the definition of access device, the requirement in E1, that it can be used in exchange for something of value. No, Your Honor. I think the way that I'm reading them is that in conversation with one another, and I'm using the theory from the statutory interpretation that when you have overlapping statutes, such as in E1 and E3, you read them together. It's the same statute. In fact, it subdivisions the same section. Correct, Your Honor. And so you would read them together. And the way that I would read them is that the E1 sets forth the class of items, which is access devices, and E3 further defines that class and puts into the definition what an unauthorized access device is, which includes expired cards, which is what we have here. And in your reading, exclude expired cards, even though the expired card or expired card number has zero ability to be used in exchange for something of value. Yes, in the sense that it may be used in conjunction with something else, which is allowed for in E1. Oh, I understand that. No, my hypothetical is it has zero utility, even when used in conjunction with something else, to be exchanged for something of value. I would want to read out E1. I think in conversation with E1, it would allow for possession of an expired credit card or possession of a canceled or revoked card to be included on an unauthorized access device. I don't know that I would say that it has no value intrinsically to one another, because I do believe there was a case that we had that was set forth in the briefs which pertained to credit cards. And this was cited in my brief in the Jones case, which is an out-of-district case where there was a discussion of different forms of access devices, some of which included credit cards that had access devices that had magnetic strips that actually had no numbers on them whatsoever. And those were factored in and counted as included within the loss allocation for that defendant, because it was understood that in conjunction with other. No, no. I understand those cases. But what I'm after is just an outside reading of the statute. To give you an example, let's assume instead of finding a list of credit card numbers with associated names that had expired, it sounds as though up to five years earlier, I don't know exactly, but a fairly short time. Instead, he has a whole notebook full of expired credit card numbers and names. The expiration date that's the most recent is 35 years earlier. And you get expert testimony. Your own experts, they say, you know what? This is totally worthless. This has no value whatsoever. I think I've now heard you say that those are not unauthorized access devices within the meaning of the statute. Now, if that's not what you want to say, I'm not trying to put words in your mouth. But are those that I've just hypothesized, expiration date of 35 years ago, your expert says these are totally worthless, either alone or in conjunction with something else. How does that fit, if at all, under unauthorized access devices? Under that hypothetical, Your Honor, they would not qualify. Okay. Now, in that circumstance, then, are you, is the government's position that, in effect, E1 read with E3, that the government can, as it did here, simply show that they were account numbers expired, and it was up to the defendant to prove that notwithstanding their prima facie inclusion under E1 and E3, that the defendant could have proffered expert testimony to show that these expired numbers could not be used, alone or in conjunction, to obtain anything of value? No, Your Honor. Well, the argument wasn't raised at the district level. No, I'm not asking about what they did. I'm asking whether the government's position, if it was trying this case with the benefit of our great wisdom we're going to announce in this case, that taking your argument that the defendant would still have the opportunity to show in defense that, notwithstanding the language of the statute, that he could prove that these 500 expired numbers had, as Judge Fletcher posited, no value. I think on these facts it would be difficult to do, primarily. Could they try to do that? Would you block it and say, Your Honor, we move to exclude and eliminate any such evidence because it's irrelevant, or would you say because the statute conclusively presumes? What's your position on that? Well, I do believe that the language of the statute is clear. However, I do think that the defendant could have a fair opportunity to present evidence, but I think on the facts of what was included in that spreadsheet, which is set forth in the PSR in paragraph 17D, which had been alluded to earlier, there was a number of personal identifying information in conjunction with the account numbers there. So there wasn't necessarily a question as to how these items could be used, primarily because this defendant was in the business of using access devices and creating credit profiles, as shown by all of the materials that were recovered from his home the day the search warrant was executed, which was May 14, 2009. So there was an overwhelming evidence that he, in fact, was involved in access device fraud on a huge scale. What was set forth in the typewritten 500-line spreadsheet was merely a list, a subset of what was recovered from his home. There was also a handwritten notebook that contained 200 profiles. When he was queried by police officers the day of his arrest, that same day, he said, as well, what you're going to find in my home is something on the order of 50 profiles, excuse me, 20 profiles totaling a loss of $50,000. There's no question that this defendant knew what he was doing was illegal. My question is, I'm not sure how much practical difference it makes in this case, and it may not make much practical difference in very many cases, but if we go from what we seem to have as common ground, that if it's totally worthless, expired 35 years ago, it doesn't satisfy the definition. That, of course, doesn't cover what we have here in front of us, as you're explaining. The most obvious reason might be, well, I mean, I have the same credit card number, and I had it for probably 20 years. It keeps expiring, and then it keeps getting renewed. So it may be expired, but, you know. So I can well imagine that all of these expired credit card numbers, along with the names and identifying information, would be useful to him. My question is how much showing, and it's your burden to show, I think, by preponderance of the evidence in order to satisfy the guideline. How much burden is there on the government to present any expert testimony or, listen, Judge, it's just common sense. Because he's challenged. He said, listen, these don't qualify. These aren't useful. Correct. And in sentencing in front of the judge, I can't remember whether it was you or somebody else. It was him. You said, listen, they're useful to establish credit or various other things. Right. Let me give you additional facts just to sort of lend some comfort there. Prior to the sentencing, the parties actually did meet, and we went through all of the items that were set forth in the 500-page spreadsheet. And one of the things that was referenced, I believe, in the sentencing position paper, was that the spreadsheet is filed here as representative because there's a number of personal identifying information. And, therefore, we cannot include all the credit card account statements, bank account statements, checks. And all of that was actually dealt with prior to the actual hearing. And we did address any and all questions that were set forth by defense counsel and attempted to set forth here's how the loss calculation was figured for each of these individuals. And we went through that rather carefully. But what I want to know is what, and I read only what was in the excerpts, I want to know what evidence the judge had in front of her as to support your statement. Listen, these are useful. Even if you can't access the account directly, they're useful. Right. The judge did have, one, the judge adopted the findings in the PSR. Two, she also adopted the arguments that were set forth in the government's position paper, which when we filed as part of the record, we did attach, as I had mentioned, the spreadsheet and also defense counsel included as part of her filing in the record the list of questions that she had pertaining to the nature of the evidentiary support. So the quantum of proof was actually not an issue at the district court sentencing level. That essentially had been waived. The question at issue was only whether or not the expired cards themselves should be counted towards this intended loss amount. On the issue of use or not? On the issue of use. Okay. And what was the proof? Judge Fletcher has asked you twice now. What was the proof of usability? Well, I think by the definition of the fact that they acknowledged that there was expired credit cards, they at one point had a use, meaning at one point they were valid credit cards. Whoops. You're off the reservation because you said at one point had a use. The 35-year-old credit cards at one point had a use. Well, no, the cards in this particular case only dated back several years. I understand that, too. Is there a specific stipulation that they had a use or what? Or just by virtue of their including them in the record that they were? I'm not tracking what you're saying. I understand. Basically, when we were going through the sentencing colloquy, the point that was made by defense counsel in the argument was that the credit card account numbers that were listed on the spreadsheet, 500-type written spreadsheet, the point was that she conceded that the credit cards were, in fact, valid credit card numbers, just that they were expired. She raised the issue that there were no, that the point was that there was no case on point in the Ninth Circuit other than an offhanded reference in yellow, which was United States v. Yellow, which stated that in the language that there was a workability requirement. However, she conceded that it was never directly addressed on appeal, and she raised the issue, which was rejected by the district court sentencing judge, as to whether or not a workability requirement, a usability requirement, as set forth in 1029E1 is something that ought to be required. At no point in time was there a question as to the value that these were, in fact, account numbers and that they did not satisfy. She did dispute that they were usable. That's correct. Okay, so how does that help you? All right, we're back to the question that Judge Fletcher asked is, what's the burden on the government to show, if somebody contests that these particular expired numbers aren't usable, does the government have to show that they are? The government typically would show by a preponderance of the evidence that the expired credit cards were workable. Okay, so in this case, what did you proffer to show to answer that question? What was set forth and adopted by the district court was in the PSR, which was all of the evidence that was provided in discovery to you. You keep talking these generalizations, Counselor. It really doesn't help. Yeah, there's a wealth of material. Okay, so what, in an answer to a question in a single sentence, is what in the evidence showed that they were likely usable? Out of all the stipulations and adoption of PSRs and everything else, what? The fact is that they are usable to build credit profiles to show history to be able to get and obtain additional credit from a bank. And essentially what this defendant was doing was garnering. Okay, so that's what they showed. They showed how an expired credit card number could be used. Correct. And they stated it or they showed it? Stated it and showed it by providing all of the personal identifying information and how that was used. To give a bit of background on the case, part of the way he was gathering this information was stealing mail, which was the other count that he pled guilty to, which was count three. We're discussing count five, which is 1029A2. But the means to sort of further the access device fraud was that he used pre-approved credit card applications that were recovered from stolen mail. And the way he completed those documents was by using the information that he had in the spreadsheet and other credit profiles that he prepared. So in short, first, we'll find in the PSR the, quote, useability of the expired credit card. And further, although defendant raised an argument of usability, did the defendant put on any evidence of any kind that they were not usable? No, he did not. And I would point you specifically to paragraph 17D in the PSR. 17D? D as in document. Where am I in the PSR? PSR, paragraph 17D. PSR. Hang on, hang on. It's just your luck. I just happen to have it. Okay, 17D. Correct. A typed, I'm just reading it, a typed spreadsheet containing personal identification of at least 500 individuals. This spreadsheet contained for each individual a full name, mailing address, phone numbers, credit card account numbers. This list included individuals with reported addresses in several states, including California, Arkansas, Colorado, Oklahoma, and New York. That's a description of what's on the spreadsheet. Correct. Does it tell me in what fashion they might be used or usable to exchange for something of value? Yes. Well, I'm now going to point you to, in the actual excerpt of record, we are during my sentencing colloquy with the district court judge. I exchanged with her information as to what I briefly alluded to here, that the body of information that he was gathering in his home was to build credit profiles. But just give me a moment so I can get you that page reference. This is your statement. That was my statement. And, of course, you're incapable of providing evidence in your statement. Your statements to the court are not evidence. Correct. But what had been used at the, and was adopted by the district court judge, was that the discussions that the parties had had regarding the supplemental evidence, meaning the credit card records, the bank account records, and things that were to substantiate and to establish that each of the individuals on the 500-page spreadsheet, that there were bank records and things underlying all of those account information. We're not there yet. Okay. Okay. And your statement is not evidence. Correct. So I'm not yet seeing any evidence or proof beyond a sort of a commonsensical idea that tells us that these expired credit cards can be exchanged for something of value. Maybe commonsense is enough, but I'm not sure of that. And I'm a little unsure how the district judge understood the definition. That is to say, I'm not sure that the district judge agreed with the contention that in order to satisfy the definition they had to be exchangeable for value, or whether the district judge simply thought, if these are expired credit card numbers, I don't need to know anything more. So I'm not sure how the judge was looking at what the judge had in front of her. If I may, I think in the transcript of the hearing, the district court did address the fact that she essentially found there to be no inconsistency in the definition, as between E1 and E3, and that she did not find. Is that the statement about Johnny with the note from his mom? That is in the very. I found that statement difficult to understand. Correct. But she did elaborate that the portion of the. . . I think she was referring to the parenthetical at the end of E1, which talks about other than a transfer originated solely by paper instrument. And I think perhaps the way she was reading E3 is, E3 includes in the definition of unauthorized access device the phrase access device. Access device is defined in subsection E1 just before it. So I think the two have to melt together. Right. And I think the discussion here focuses on the usability point, and really, was this a contested issue? And if it was, whose burden was it to show? And I'm hearing you telling me that if you look at certain parts of the PSR and perhaps the sentencing colloquy, you will find, if not evidence, the showing of usability. Correct. And I think specifically the portion that was discussed, without going into the details of the meeting prior to the hearing, where the agent and both parties discussed the evidence underlying the spreadsheet, my statements in the colloquy essentially said that the victim's information were compiled using all of the evidence recovered from the search warrant that was executed. If you look at that body of information that included all of the handwritten profiles as well as the stolen mail, there was also evidence of the surveillance photos of him using the victim's cell phone. So if you only had a sheet with these names and none of the other stuff, would you have had to put on some proof? Would you have had a case? Would there have been a crime? Yes. If we had the sheet with nothing else? Nothing else. No bank account statements. No. Just a sheet with whatever was on that sheet, the names and the numbers of expired credit card numbers. Under the Jones case, which is one that I cited in my brief, they found that to be sufficient. They found that the – That was a district court in Pennsylvania. Right. They took a very strict reading of the statute. But you have conceded today, and I think common sense tells us if you had the hypothetical presented earlier of these many outdated credit card numbers, usability would really be a question. Correct. Okay. I think we've got the position. Let's hear from the other side for a minute or two. Yeah. Thank you. Sorry to detain you for so long. Thank you. We'll go back to the boss and see if you're in here with me today. Okay. Thank you very much for the opportunity, Your Honor, to respond. The – I think the point I would make is that the pre-sentence report and the defense – I mean, I'm sorry, government counsel statements at the sentencing hearing are not evidence, and there needs to be something beyond that, especially if the defendant – A PSR can be evidence if you don't challenge it. That's correct. And in this case, it was challenged. There's a case actually cited in our brief that says, if the defendant objects to any of the factual allegations contained in the PSR, the government must present evidence at the sentencing hearing to prove the – Do you challenge anything that was collected, that was used to indict and to which your client pled guilty? I mean, there's no dispute about the bank records, the card numbers expired or unexpired, the names of those people. That was all admitted as part, I assume, as part of this guilty plea and as part of the PSR. And the government's position is when you look at the totality of all of that evidence together, it's usable. And you showed nothing to otherwise. Excuse me. The other stuff came in this particular spreadsheet. Just to be clear, I don't believe there was any evidence that any of the names or information on this spreadsheet was used for any of the other activities. So you're correct. There's no challenge or appeal to the findings. Hold on a second. I'm just reading 17D. It says, A typed spreadsheet containing personal information – personal identification information of at least 500 individuals. This spreadsheet contained for each individual a full name, mailing address, phone numbers, and credit card numbers. So that's not just a list of anonymous account numbers. Correct. And the only usability argument I'm hearing is that because these credit card account numbers were expired, that they aren't usable. And I understood the government to say when they're assembled in this fashion and they're found in the premises of somebody who's otherwise been shown to be engaged in financial fraud, that it's a fair inference that the credit card numbers were usable in combination with all of this other credit or whatever to meet whatever element of usability is implicit or required by the statute. So it's not a case, in other words, of just these anonymous numbers showing up on a spreadsheet. Correct. The issue is the recency of the information. And Your Honor raised questions about what if this information, even if it was all of that, if it was 35 years old as opposed to six years old. I didn't raise that. Oh, yeah. He raised it. His distinguished colleague raised it. That's what I meant to say. It was implicit. I didn't want to steal his thunder. That's all. Is there any evidence of what your client was doing with these unexpired numbers? I mean, I suppose this wasn't a hobby of his for some joy. I mean, what purpose other than using them to defraud? You're not disputing there was an intent to defraud, satisfy here. I mean, what's he using them for? Let's come back to some common sense here. Sure. I don't think the question is really necessary. You get to intent later. But the first question is what are they to begin with and can they be used, even if you have the bad intent, can they be used at all? Let me make sure we're on the same page here. We're not talking about the guilty plea. He didn't plead guilty based on this. These are being used under the guidelines to determine the sentence. So there's nothing in the guilty plea that tells us that he has conceded that possessing these qualifies as guilt under the statute. Now, if he pled guilty to possession of these as violating the statute, that's quite another proposition. But this is only guideline calculation stuff. So that means the government has some obligation to prove usability. If there's no further questions, I'll submit. Okay. Thank you. Interesting case it turns out. Thank you. One of our typical ten-minute per side cases. The United States versus. Oh, yes. So now submitted for decision. Next case in the argument.
judges: Zouhary, Fletcher, Fisher